**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO.**   4:26-cv-4132 |
| **v.** | ) ) | **COMPLAINT** |
| **TNT CHICKEN, INC.,** **d/b/a SLIM CHICKENS** | ) ) ) | **JURY TRIAL DEMAND** |
| **Defendant.** | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the bases of race, sex, and retaliation and to provide appropriate relief to the Aggrieved Individual who was adversely affected by such practices.  As alleged with greater particularity below, Defendant TNT Chicken, Inc., doing business under the trade name Slim Chickens ("Slim Chickens" or "Defendant"), discriminated against the Aggrieved Individual when Defendant subjected her to a hostile work environment based on race and sex, constructively discharged her based on race and sex, retaliated against her after she complained about the race and sex harassment. All of the alleged conduct was in violation of Title VII.

## JURISDICTION AND VENUE

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Dakota.

PARTIES

3.     Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, a South Dakota corporation and franchisee of Slim Chickens, has continuously been doing business as "Slim Chickens" in the State of South Dakota and the City of Sioux Falls, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

6.     More than thirty days prior to the institution of this lawsuit, EEOC Charge No. 444-2024-00456 was filed with the EEOC alleging violations of Title VII by Slim Chickens.

7.     On November 21, 2025, the EEOC issued Slim Chickens a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by discriminating against the Aggrieved Individual when Defendant subjected her to a hostile work environment based on race and sex, constructively discharged her based on race and sex, and retaliated against her after she complained about the racial and sexual harassment.

2

8.      The EEOC invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The EEOC engaged in communications with Slim Chickens to provide Slim Chickens with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The EEOC was unable to secure from Slim Chickens a conciliation agreement acceptable to the Commission.

11.     On January 8, 2026, the EEOC issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

13.     Since at least November 2023, Defendant Slim Chickens has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2(a)(1) by subjecting the Aggrieved Individual to harassment because of her race (Black). In particular:

(a)     The harassment included frequent use of racial slurs and other racially offensive comments.  For example, Specifically, an individual working as a shift lead ("Shift Lead") who Defendant assigned to train the Aggrieved Individual used the racial slur "n*gger" regularly to the Aggrieved Individual's face. The Shift Lead also told the Aggrieved Individual he had never "been with" a Black woman and was curious about what Black women looked like naked.

(b)     The harassment also included threats of physical violence based on race. For example, the Shift Lead told the Aggrieved Individual that he was going to

cut her body up, put her in his trunk, and put her in the woods where no one would find her; that he was going to buy a big whip and "whoop her like they used to whip horses"; and that he was going to contact a person he knew that had a hog farm because they devour "everything but the teeth."

(c)    Defendant knew or should have known about the racial harassment, because during her employment the Aggrieved Individual reported these harassing comments and threats to her manager and to the general manager.

(d)    Defendant did not take reasonable steps to stop or prevent the race harassment. For example, after the Aggrieved Individual reported the harassment to her manager and provided her manager with texts from other coworkers that showed they also witnessed the harassment, the manager informed the Aggrieved Individual that management would not take any action to address the harassment. After the Aggrieved Individual reported the harassment to the general manager, the general manager did not respond to the Aggrieved Individual at all.

14.    Since at least November 2023, Defendant Slim Chickens has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2(a)(1) by subjecting the Aggrieved Individual to harassment because of her sex (female). In particular:

(a)    The harassment included frequent use of sexually explicit, unwanted, and offensive comments.  For example, the Shift Lead told the Aggrieved Individual that he had never "been with" a Black woman and was curious about what Black women looked like naked.

(b)    The harassment also included threats of physical violence based on sex. For example, the Shift Lead told the Aggrieved Individual that he was going to

cut her body up, put her in his trunk, and put her in the woods where no one would find her; that he was going to buy a big whip and "whoop her like they used to whip horses"; and that he was going to contact a person he knew that had a hog farm because they devour "everything but the teeth."

(c)     Defendant knew or should have known about the harassment. The Aggrieved Individual reported these harassing comments and threats to her manager and her general manager.

(d)     Defendant did not take reasonable steps to stop or prevent the sexual harassment. For example, after the Aggrieved Individual reported the harassment to her manager and provided her manager with texts from other coworkers that showed they also witnessed the harassment, the manager informed the Aggrieved Individual that management would not take any action to address the harassment. After the Aggrieved Individual reported the harassment to the general manager, the general manager did not respond to the Aggrieved Individual at all.

15.     Since at least November 1, 2023, Defendant Slim Chickens has engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2(a)(1) by constructively discharging the Aggrieved Individual because of race and sex. The egregious nature of the harassment, which included offensive, sexually explicit remarks and overtly racial slurs as well as threats of physical violence, combined with Defendant's refusal to address this behavior created conditions that a reasonable person would find intolerable. As a result, the Aggrieved Individual resigned.

16.     Since at least November 2023, Defendant Slim Chickens has engaged in unlawful employment practices, in violation of Section 704 of Title VII, 42 U.S.C. 2000e-3(a), by

retaliating against the Aggrieved Individual because she engaged in protected opposition to unlawful employment practices under Title VII when she reported the sexual and racial harassment to Defendant. In particular:

(a)    As described above, the Aggrieved Individual reported sex and race harassment to her manager and the general manager. In addition, the Aggrieved Individual informed her manager that she filed a police report after she received physical threats of violence from the Shift Lead.

(b)    Shortly after the Aggrieved Individual reported said harassment to her managers, Defendant took actions against her, such as reducing her hours and denying her the opportunity to become a shift lead.

(c)    When the Aggrieved Individual objected to the reduced hours and not becoming a shift lead, her manager told the Aggrieved Individual that she should have thought about that before she filed the police report.

(d)    Such actions could dissuade a reasonable person from objecting to unlawful harassment or engaging in other activity protected by Title VII.

(e)    Defendant took the above action against the Aggrieved Individual because she opposed the sex and race harassment, including by reporting the harassment to her manager and general manager, and by filing a police report against her harasser.

17.    The effect of the practices complained of above has been to deprive the Aggrieve Individual of equal employment opportunities and otherwise adversely affect her status as an employee because of race or sex or retaliation.

18.    The unlawful employment practices complained of above were intentional.

19.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Slim Chickens, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in harassment, constructive discharge, or any employment practices which discriminate because of sex or race in violation of Title VII.

B.      Grant a permanent injunction enjoining Defendant Slim Chickens, officers, successors, assigns, and all persons in active concert or participation with Defendant, from retaliating against individuals who oppose practices made unlawful by Title VII.

C.      Order Slim Chickens to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of race or sex, and which eradicate the effects of its unlawful employment practices.

D.      Order Defendant Slim Chickens to make the Aggrieved Individual whole who was subjected to retaliatory constructive discharge, by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay in lieu of reinstatement.

E.      Order Defendant Slim Chickens to make the Aggrieved Individual whole by providing compensation for past and future pecuniary losses resulting from the

unlawful employment practices described above, in amounts to be determined at trial.

F.    Order Defendant Slim Chickens to make the Aggrieved Individual whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

G.    Order Defendant Slim Chickens to pay the Aggrieved Individual punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

H.    Order Defendant to pay the Aggrieved Individual prejudgment interest.

I.    Grant such further relief as the Court deems necessary and proper in the public interest.

J.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The EEOC requests a jury trial on all questions of fact raised by its Complaint that do not relate solely to equitable relief.

Dated July 17, 2026

Respectfully submitted,

CATHERINE ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel
U.S. EEOC
131 M. Street NE
Washington, DC 20507

GREGORY M. GOCHANOUR
Regional Attorney

JUSTIN MULAIRE
Assistant Regional Attorney

*s/Kelly Bunch*
Kelly Bunch
Trial Attorney
U.S. EEOC
230 S. Dearborn St., Ste 2920
Chicago, Illinois 60604
(312) 872-9704
Kelly.Bunch@eeoc.gov

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

U.S. Equal Employment Opportunity Commission

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kelly Bunch and Justin Mulaire
230 S. Dearborn St, Ste. 2920
Chicago, IL 60604
312-872-9704

## DEFENDANTS

TNT Chicken, INC. d/b/a Slim Chickens

County of Residence of First Listed Defendant   Minnehaha
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff

[ ] 2  U.S. Government Defendant

[ ] 3  Federal Question *(U.S. Government Not a Party)*

[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | |
| | | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[ ] 1 Original Proceeding  
[ ] 2 Removed from State Court  
[ ] 3 Remanded from Appellate Court  
[ ] 4 Reinstated or Reopened  
[ ] 5 Transferred from Another District *(specify)*  
[ ] 6 Multidistrict Litigation - Transfer  
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.;Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a

Brief description of cause:
hostile work environment and constructive discharge based on race and sex, retaliation

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   7/17/2026

SIGNATURE OF ATTORNEY OF RECORD   s/Kelly Bunch

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____